708 So.2d 1032 (1998)
R.L.W., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1744.
District Court of Appeal of Florida, Fifth District.
April 9, 1998.
James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Simone P. Firley, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
R.L.W. appeals his adjudication of delinquency and commitment to the Juvenile Justice Department at a restrictiveness level of eight. R.L.W. contends that the Department recommended commitment restrictiveness level six and the trial court erred when it increased the restrictiveness level without complying with section 39.052(4)(e), Florida Statutes. We affirm.
Section 39.052(4)(e)3 reads:
The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.
(Emphasis supplied). The trial court reviewed for the record the prior criminal activity of R.L.W. and the facts of R.L.W.'s current case. R.L.W. states that the reasons for disregarding the recommendation of the Department should be in writing. We disagree. The reasons may be orally announced as long as they are preserved for appellate review. D.A.D. v. State, 697 So.2d 234 (Fla. 5th DCA 1997); M.S. v. State, 675 So.2d 215 (Fla. 4th DCA 1996).
AFFIRMED.
GRIFFIN, C.J., and HARRIS, J., concur.